IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Sports Medicine and Orthopaedic Surgical Specialists, Ltd. | ) ) ) | |
| | ) | Civil Action No. 1:14-cv-04126 |
| Plaintiff, | ) ) | Hon. Edmond E. Chang |
| v. | ) ) | |
| David M. Burt, M.D. and Midwest Sports Medicine Institute, S.C., | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

David M. Burt, M.D. ("Dr. Burt") and Midwest Sports Medicine Institute, S.C. ("MSMI"), for their answer to the complaint of Midwest Sports Medicine and Orthopaedic Surgical Specialists, Ltd. ("MSMOSS"), respond as follows:

1. Dr. Burt and MSMI deny for lack of knowledge the allegations in paragraph 1 of the complaint.

2. Dr. Burt and MSMI admit that Dr. Burt is a resident and citizen of Illinois and that he is an officer and director of MSMI and deny the remaining allegations in paragraph 2 of the complaint.

3. Dr. Burt and MSMI admit the allegations in paragraph 3 of the complaint.

4. Dr. Burt and MSMI deny for lack of knowledge the allegations in paragraph 4 of the complaint.

5. Dr. Burt and MSMI admit the allegations in paragraph 5 of the complaint.

6. Dr. Burt and MSMI deny for lack of knowledge the allegations in paragraph 6 of the complaint.

7. Dr. Burt and MSMI admit paragraph 7 of the complaint sets forth a non-exclusive list of the services MSMI provides.

8. Dr. Burt and MSMI deny the allegations in paragraph 8 of the complaint.

9. Dr. Burt and MSMI admit that MSMI in 2013 updated its website, available at *www.gomidwestsports.com* and *www.gomsmi.com* since October 2008, which website speaks for itself, and deny the remaining allegations in paragraph 9 of the complaint.

10. Dr. Burt and MSMI deny for lack of knowledge the allegations in paragraph 10 of the complaint.

11. Dr. Burt and MSMI deny the allegations in paragraph 11 of the complaint because confusion has never been likely between MSMI and MSMOSS.

12. Dr. Burt and MSMI deny for lack of knowledge the allegations in paragraph 12 of the complaint.

13. Dr. Burt and MSMI admit that counsel for MSMOSS sent a letter addressed to Dr. Burt and MSMI, which letter speaks for itself, and deny the remaining allegations in paragraph 13 of the complaint.

14. Dr. Burt and MSMI admit the allegations in paragraph 14 of the complaint.

15. Dr. Burt and MSMI admit the allegations in paragraph 15 of the complaint.

### Answer to Count I – Trade Name Infringement

16. Dr. Burt and MSMI incorporate by reference their prior denials, admissions, and averments as if fully written herein in response to paragraph 16 of the complaint.

17. Dr. Burt and MSMI admit that MSMOSS purports to allege a claim for trade name infringement under Illinois common law and 15 U.S.C. § 1125, deny that MSMOSS has stated a claim for trade name infringement under Illinois common law and 15 U.S.C. § 1125 and deny the remaining allegations in paragraph 17 of the complaint.

18. Dr. Burt and MSMI deny the allegations in paragraph 18 of the complaint.

19. Dr. Burt and MSMI admit that MSMI is, and has since 2007, been known as MIDWEST SPORTS MEDICINE INSTITUTE, S.C., and deny the remaining allegations in paragraph 19 of the complaint.

20. Dr. Burt and MSMI deny the allegations in paragraph 20 of the complaint.

21. Dr. Burt and MSMI deny the allegations in paragraph 21 of the complaint.

22. Dr. Burt and MSMI deny that MSMOSS is entitled to any of the relief prayed for in paragraph 22 of the complaint.

## Answer to Count II – Unfair Competition

23. Dr. Burt and MSMI incorporate by reference their prior denials, admissions, and averments as if fully written herein in response to paragraph 23 of the complaint.

24. Dr. Burt and MSMI admit that MSMOSS purports to allege a claim for unfair competition under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, Illinois common law and 15 U.S.C. § 1125(a), deny that MSMOSS has stated a claim for unfair competition under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, Illinois common law and 15 U.S.C. § 1125(a), and deny the remaining allegations in paragraph 24 of the complaint.

25. Dr. Burt and MSMI deny the allegations in paragraph 25 of the complaint.

26. Dr. Burt and MSMI deny the allegations in paragraph 26 of the complaint.

27. Dr. Burt and MSMI deny that MSMOSS is entitled to any of the relief prayed for in paragraph 27 of the complaint.

### Answer to Count III – Service Mark and Trademark Dilution

28. Dr. Burt and MSMI incorporate by reference their prior denials, admissions, and averments as if fully written herein in response to paragraph 28 of the complaint.

29. Dr. Burt and MSMI admit that MSMOSS purports to allege a claim for service mark and trademark dilution under the Illinois Trademark Dilution Statute, 765 ILCS 1036/65, and the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), deny that MSMOSS has stated a claim for service mark and trademark dilution under the Illinois Trademark Dilution Statute, 765 ILCS 1036/65, and the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), and deny the remaining allegations in paragraph 29 of the complaint.

30. Dr. Burt and MSMI deny the allegations in paragraph 30 of the complaint.

31. Dr. Burt and MSMI deny the allegations in paragraph 31 of the complaint.

32. Dr. Burt and MSMI deny the allegations in paragraph 32 of the complaint.

33. Dr. Burt and MSMI deny that MSMOSS is entitled to any of the relief prayed for in paragraph 33 of the complaint.

### Affirmative Defenses

34. Dr. Burt and MSMI incorporate by reference their prior denials, admissions, and averments as if fully written herein in response, and Dr. Burt and MSMI deny each and every allegation in the complaint not specifically admitted herein to be true.

35. The complaint fails to state a claim against Dr. Burt and MSMI upon which relief could be granted because MSMOSS has not pled facts that, if taken as true, would be sufficient to establish each element of the asserted claims.

36. MSMOSS's claims are barred by the applicable statute of limitations, statute of repose and the doctrines of laches, estoppel, consent, waiver and acquiescence. MSMI adopted the name MIDWEST SPORTS MEDICINE INSTITUTE, S.C. in 2007 and has been using that name continuously since then. Upon information and belief, and consistent with MSMOSS's judicial admissions in its complaint, MSMOSS has had actual or constructive knowledge of MSMI's use of the MIDWEST SPORTS MEDICINE INSTITUTE, S.C. at all relevant times, yet failed to assert them in a timely manner to MSMI's and Dr. Burt's prejudice. MSMOSS's claims therefore are barred because it did not bring them within the three-year laches period applicable to claims under the federal Lanham Act and the three-year limitations period for MSMOSS's state-law claims. MSMOSS's claims are also barred for the same reasons under the doctrines of estoppel, consent, waiver and acquiescence.

37. MSMOSS's claims are barred under the First Amendment to the United States Constitution and the doctrine of fair use because MSMI is using the word "Midwest" to refer to the geographic location of its business, the word "Medicine" to identify the type of services it provides, the word "Sports" to identify the specific type of medical services it provides, the word "Institute" to identify the context in which it provides those services, and the abbreviation "S.C." to identify the type of legal entity it was incorporated and exists as under Illinois law.

38. MSMOSS's claims are barred on the basis that MIDWEST SPORTS MEDICINE AND ORTHOPAEDIC SURGICAL SPECIALISTS, LTD. is merely descriptive and otherwise lacks secondary meaning because MSMOSS is using the word "Midwest" to describe the geographic location of its business, the word "Medicine" to describe the type of services it provides, the word "Sports" to identify the specific type of medical services it provides, the word "Surgical" to describe another type of medical services it provides, the word ""Orthopaedic" to describe the specific type of surgical services it provides, the word "Specialists" to describe its specialization in the types of services it provides, and abbreviation "LTD" to describe the type of legal entity it was incorporated and exists as under Illinois law.

WHEREFORE, Dr. Burt and MSMI demand that the complaint be dismissed as against it, with prejudice, at MSMOSS's cost.

                                                             Respectfully submitted,

Date: July 21, 2014                              /s/ *Joseph J. Jacobi*
                                                             Joseph J. Jacobi
                                                             McDONALD HOPKINS LLC
                                                             300 North LaSalle, Suite 2100
                                                             Chicago, Illinois 60654
                                                             Telephone: (312) 280-0111
                                                             Facsimile: (312) 280-8232
                                                             Email: *jjacobi@mcdonaldhopkins.com*

                                                             *Attorney for Defendants*
                                                             *David M. Burt, M.D. and Midwest*
                                                             *Sports Medicine Institute, S.C.*

**CERTIFICATE OF SERVICE**

I, Joseph J. Jacobi, an attorney, hereby certify that on July 21, 2014, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of the Court using the Electronic Case Filing System and in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, this documents was served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

    /s/ Joseph J. Jacobi
*Attorney for Defendants*
*David M. Burt, M.D. and Midwest*
*Sports Medicine Institute, S.C.*